MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY J. STARITA, ) | |
| ) | |
| Plaintiff, ) | Case. No. 06 C 2154 |
| v. ) | |
| ) | Magistrate Judge |
| DONLEN CORPORATION, ) | Arlander Keys |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Anthony Starita sued his former employer, Donlen Corporation, alleging that the company fired him in violation of the Americans with Disabilities Act. On April 30, 2008, the Court granted summary judgment in Donlen's favor because it found that Mr. Starita could not show that he was disabled within the meaning of the ADA, and could not show that Donlen regarded him as such. Shortly thereafter, Donlen filed a motion seeking to recover $2,248.85 in deposition-related costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920.

Rule 54(d)(1) provides that, unless a federal statute, rule or court order says otherwise, costs other than attorney's fees "should be allowed to the prevailing party." Costs recoverable under Federal Rule of Civil Procedure 54(d)(1) are enumerated in 28 U.S.C. § 1920, and include, *inter alia*, "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Here, Donlen seeks to recover its costs in connection with three depositions – those of Mr. Starita, and those of Paul Cicarelli and Ronald Bayer, Mr.

Starita's supervisors at Donlen. Specifically, Donlen seeks to recover court reporter attendance fees totaling $450.00, plus transcript fees totaling $1,580.85; costs for formatting and archiving related services totaling $210.00; and delivery costs totaling $8.00. Mr. Starita does not challenge these amounts. Instead, he argues that he should not be required to pay any costs because he is indigent.

Although the prevailing party is *prima facie* entitled to costs, an award of costs is generally left to the discretion of the court, and it is the burden of the losing party to overcome the presumption. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)(citing *United States v. Santiago*, 826 F.2d 499, 505 (7th Cir. 1987)). Courts have allowed the presumption in favor of awarding costs to be overcome by the losing party's showing of indigence. *See, e.g., Rivera v. City of Chicago*, 469 F.3d 631, 635-36 (7th Cir. 2006)(where the court declined to abolish the indigence exception). But, as the Seventh Circuit has recognized, this exception is a narrow one. *Id.* at 636. The non-prevailing party must truly be indigent, and not merely a person with low income or limited financial resources. *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D.Ill. June 27, 2003)(citations omitted). He must show, with specific evidence, that he is unable to pay presently, and that he will likely be unable to pay

2

in the future. *Id.* Additionally, even if he is able to prove indigence, that does not automatically excuse payment of costs; rather, costs may still be awarded at the Court's discretion. *Rivera*, 469 F.3d at 635-36; *McGill*, 18 F.3d at 459.

Here, Mr. Starita submitted an affidavit in which he represents that, since being fired by Donlen, he's had just one part-time job, and that he has not worked since 2007. He represents that he has no money to pay Donlen's bill and can't even afford to satisfy a $15,000 tax lien entered against him and his former spouse. He represents that he lives at his girlfriend's house or at his father's house, that he has had three surgeries since 2005, all relating to his October 2004 car accident, and that his injuries have prevented him from working and will continue to prevent him from working through at least the end of 2008. He also represents that his medical bills have all been paid by Medicare.

To be sure, these facts paint a financial picture that is, at present, less than robust. But Mr. Starita's affidavit does not establish that he will be indigent into the future. Indeed, there is nothing in Mr. Starita's affidavit to suggest that he won't be working some time in 2009; and, once he does start earning a paycheck again, given that he is living with friends and family and incurring seemingly nothing in the way of medical

3

or other expenses, he may very well be able to pay down his debts (including Donlen's costs) shortly thereafter.

Having so determined, the Court nevertheless finds that certain costs claimed by Donlen should not be recovered. Initially, the Court finds that the transcripts covered by the submitted invoices were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2); indeed, Mr. Starita has not argued otherwise. He does represent that he offered to settle the case early on for $2,500, suggesting, the Court presumes, that, because of this offer, he should not have to pay Donlen's costs. But, as the summary judgment ruling made clear, this case was borderline frivolous, and the Court can hardly fault Donlen for not wanting to pay to settle it.

That does not mean, however, that Donlen is entitled to more than the law allows. Although court reporter and transcript fees are generally recoverable, the costs may not exceed the maximum rates established by the Judicial Conference of the United States and in effect when the deposition or transcript was filed. *See* Local Rule 54.1(b). When the depositions were taken in this case, the approved rate for original transcripts was $3.20 per page; yet Donlen paid $3.35 per page for the Bayer and Ciccarelli depositions, and it paid $3.92 per page for the first part of the transcript for Mr. Starita and $3.50 per page for the second part of the transcript for Mr. Starita. The Court will deduct from

4

Donlen's Bill of Costs the amount exceeding the maximum allowable rate.

The Court will also deduct from the bill the delivery fee, which is not recoverable, *see, e.g., Harkins v. Riverboat Services, Inc.*, 286 F.Supp. 2d 976, 981 (N.D. Ill. 2003); *Tirapelli v. Advanced Equities, Inc.*, 222 F.Supp.2d 1081, 1085, 1086 (N.D. Ill. 2002)(citing *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D.Ill. March 15, 2002)), and the fees relating to formatting and archival; such niceties are purely matters of convenience, not necessity, and these costs are, therefore, not recoverable. *See Zeidler v. A & W Restaurants, Inc.*, No. 99 C 2591, 2001 WL 561367, at *1 (N.D.Ill. May 21, 2001)(citations omitted); *Harkins*, 286 F.Supp.2d at 980.

In total, the Court will disallow from Donlen's bill $377.97. The remainder of the costs are allowed.

## Conclusion

For the reasons set forth above, it is hereby ordered that Donlen's Bill of Costs is allowed, as modified in this opinion. Donlen is awarded costs in the amount of $1,870.88.

Date: August 18, 2008

ENTER:

_Arlander Keys_
ARLANDER KEYS
United States Magistrate Judge